**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **EDWIN MYLES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 04-CV-0097-CVE-PJC |
| | ) |
| **DONALD STEWART, Warden;** | ) |
| **WILBERT COLLINS, Commissioner;** | ) |
| **GEORGE HARALSON;** | ) |
| **STANLEY GLANZ, Sheriff;** | ) |
| **TRANSCOR AMERICA; DAVID L. MOSS** | ) |
| **CRIMINAL JUSTICE CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action, commenced by Plaintiff, appearing *pro se* and *in forma pauperis*. Plaintiff's claims arise out of events which occurred during his short detention at the David L. Moss Criminal Justice Center ("DLMCJC") in Tulsa, Oklahoma. Plaintiff seeks monetary damages from the Defendants, as a result of their alleged violations of his constitutional rights. Presently before the Court are the motion for summary judgment filed by Defendants Donald Stewart and Transcor America (Dkt. # 19), the motion for summary judgment filed by Defendants Wilbert Collins and Tulsa County Criminal Justice Authority ("TCCJA") (Dkt. # 22), and the motion for summary judgment filed by Plaintiff (Dkt. # 29). Defendants submitted a Special Report as directed by the Court. (Dkt. # 20). Plaintiff has filed responses to the Defendants' motions (Dkt. #s 23, 24). The Court has previously ordered that the arguments contained in Defendants Transcor and Stewart's motion to strike (Dkt. # 35) shall be considered a response to Plaintiff's motion for summary judgment. See Dkt. # 37. Defendants Collins and TCCJA have filed a response to Plaintiff's motion for summary judgment (Dkt. # 39). Defendants George Haralson and Sheriff

Stanley Glanz have not entered an appearance or filed any pleadings, but the returns of service for these defendants do not show proper service on the individual defendants.[1] See Dkt. #s 11, 13.

For the reasons stated below, the Court finds that the motions for summary judgment filed by Defendants shall be granted based on Plaintiff's failure to exhaust administrative remedies. As a result of his failure to exhaust administrative remedies, Plaintiff's complaint fails to state a claim upon which relief may be granted. On that basis the unserved defendants shall be dismissed from this action without prejudice. Plaintiff's pending motion for summary judgment shall be declared moot.

## *BACKGROUND*

On January 22, 2003, Plaintiff was housed at the DLMCJC for one night while being transported to Louisiana by Defendant Transcor America. Shortly after his arrival at DLMCJC, Plaintiff was attacked by another prisoner in the "Dress-In" room. A fight ensued in which Plaintiff suffered an ear laceration, facial edema, right-side facial swelling, left knee pain and head pain. He was treated by a DLMCJC physician for his injuries.

On February 9, 2004, Plaintiff filed the instant civil rights action, alleging that he did not receive prompt treatment for his injuries, the DLMCJC has a history of being lax in their security measures, is understaffed and poorly supervised, the DLMCJC failed to implement adequate medical screening policies and failed to correct widespread violations of Fourth Amendment rights of pre-

---

[1] The U.S. Marshal's returns of service for both defendants indicate that service was effected on "Rudy Freese Cpl. Tulsa County Sheriff's Off" at the Sheriff's office on S. Denver Street in Tulsa, Oklahoma. Service upon an individual defendant cannot be effected by serving a different individual at a place of business. See Fed. R. Civ. P. 4(e). Furthermore, in light of Plaintiff's failure to exhaust administrative remedies, the complaint fails to state a claim upon which relief may be granted. For that reason, it would be futile to allow additional time to effect proper service as to Defendants Haralson and Glanz.

2

trial detainees, the DLMCJC failed to establish adequate guidelines, training or procedures for processing pre-trial detainees, and failed to monitor Plaintiff after he had been attacked resulting in a delay in his medical treatment and causing him to suffer.

On September 10, 2004, Defendants Stewart and Transcor America filed their motion for summary judgment (Dkt. # 19) asserting, among other arguments, that Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a). Defendants Collins and TCCJA also filed a motion for summary judgment (Dkt. # 22) in which they allege the complaint must be dismissed because Plaintiff has failed to comply with the mandatory exhaustion requirement of 42 U.S.C. §1997e(a).

## *ANALYSIS*

**A.    Standards**

### *1.    Dismissal under 28 U.S.C. § 1915(e)(2)(B)*

Plaintiff was granted leave to proceed *in forma pauperis* in this action (Dkt. # 3). Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), a district court may dismiss an action filed *in forma pauperis* "at any time" if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by

vague and conclusory allegations. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir.1996); Hall, 935 F.2d at 1110.

### 2. *Summary Judgment*

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Id. The Court cannot resolve material factual disputes at summary judgment based on conflicting affidavits. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).  However, the mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48  (1986). Only material factual disputes preclude summary judgment; immaterial disputes are irrelevant. Hall, 935 F.2d at 1111. Similarly, affidavits must be based on personal knowledge and set forth facts that would be admissible in evidence. Id. Conclusory or self-serving affidavits are not sufficient. Id. If the evidence, viewed in the light most favorable to the nonmovant, fails to show that there exists a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250.

Where a *pro se* plaintiff is a prisoner, a court authorized "Martinez Report" (Special Report) prepared by prison officials may be necessary to aid the Court in determining possible legal bases

for relief for unartfully drawn complaints. See Hall, 935 F.2d at 1109. The Court may treat the Martinez Report as an affidavit in support of a motion for summary judgment, but may not accept the factual findings of the report if the Plaintiff has presented conflicting evidence. Id. at 1111. The Plaintiff's complaint may also be treated as an affidavit if it is sworn under penalty of perjury and states facts based on personal knowledge. Id. The Court must also construe Plaintiff's *pro se* pleadings liberally for purposes of summary judgment. Haines v. Kerner, 404 U.S. 519, 520 (1972). When reviewing a motion for summary judgment it is not the judge's function to weigh the evidence and determine the truth of the matter but only to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

**B.     Exhaustion of administrative remedies**

A prisoner is required to exhaust his administrative remedies prior to seeking relief under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516, 524 (2002) (exhaustion is a mandatory prerequisite to filing a §1983 lawsuit). The plaintiff has the burden of demonstrating that he has indeed exhausted administrative remedies. Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003). There is no futility exception to the PLRA's mandatory exhaustion requirement. See Booth v. Churner, 532 U.S. 731, 734, 741 (2001) (holding that even where an inmate sought money damages and the grievance process did not permit such awards, exhaustion was required as long as there was authority to take some responsive action).

In their motions for summary judgment, Defendants assert that a grievance procedure was in place at DLMCJC, see Dkt. #19, Ex. A; Dkt. # 22 at 15, but Plaintiff failed to utilize it prior to

filing the instant action.[2]  In response to the Defendants' assertion that he failed to exhaust administrative remedies because he did not file a grievance according to procedures at DLMCJC, Plaintiff claims he was not at the facility long enough, was not given any notice of the procedures for filing a grievance, and the grievance procedure did not provide for monetary relief as he desired (Dkt. #s 23, 24). He does not attempt to controvert Defendants' assertions that he failed to pursue grievance procedures available at DLMCJC.  He admits that he did not file a grievance while at DLMCJC because he was in transit with Transcor America and was only housed at DLMCJC for twelve[3] hours. Id.

Plaintiff's excuses for not filing a grievance at DLMCJC do not relieve him of his obligations to exhaust administrative remedies.  See Booth v. Churner, 532 U.S. 731, 734 (2001) (holding that even where an inmate sought money damages and the grievance process did not permit such awards, exhaustion was required as long as there was authority to take some responsive action); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) (finding that fact that plaintiff was a prisoner in various locations, and under the custody of different officials, did not affect his obligation to exhaust administrative remedies before filing suit); Jones v. Barry, 2005 WL 319012 (10th Cir. Feb. 10, 2005) (unpublished opinion) (finding that plaintiff's transfer to different facility

---

[2]   Corrections Corporation of America ("CCA") provided an administrative grievance system at DLMCJC at the time of the events giving rise to Plaintiff's claims.  It called for submission of a grievance within seven (7) days of the alleged incident.  The Facility Grievance Officer was required to conduct an investigation of the grievance and render a decision.  The inmate was required to submit any appeal to the Warden of the facility who would render a written decision on the grievance. The policy also provided that the time limitations imposed at any stage of the procedure could be extended.  See Dkt. # 19, Ex. A; Dkt. # 20, Ex. 6

[3]   Plaintiff states in a later pleading that he was in the DLMCJC facility for approximately 24 hours (Dkt. # 23).

6

did not excuse compliance with exhaustion requirement). It is well-established that there is no futility exception to the PLRA's mandatory exhaustion requirement. Booth, 532 U.S. at 741.

Plaintiff also argues that he exhausted his administrative remedies by sending certified letters to Warden Donald Stewart, Sheriff Stanley Glanz and Commissioner Wilbert Collins. See Dkt. #1 at 3 and Exhibits attached to complaint. However, none of the letter exhibits or attachments submitted by Plaintiff, see Dkt. # 1, satisfies the requirement that Plaintiff exhaust his administrative remedies through the procedures adopted by CCA and available at DLMCJC. Plaintiff admits in his own motion to dismiss (Dkt. #23) that he did not file a grievance or comply with the grievance policy of DLMCJC.

The Court finds that Plaintiff has failed to controvert Defendants' summary judgment evidence. Plaintiff has not set forth specific facts showing that there is a genuine issue for trial as to whether he exhausted administrative remedies prior to filing his complaint. The Court concludes Defendants' motions for summary judgment shall be granted.[4] Plaintiff's motion for summary judgment shall be declared moot.

---

[4] As Plaintiff has failed to demonstrate that he exhausted administrative remedies prior to commencing this civil rights action, the complaint fails to state a claim upon which relief may be granted. As a result, the Court finds it would be futile to provide additional time for Plaintiff to serve properly Defendants Glanz and Haralson. The complaint shall be dismissed without prejudice as to those defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The motions for summary judgment filed by Defendants Transcor and Stewart (Dkt. # 19) and Defendants Collins and TCCJA (Dkt. # 22) are **granted** on the issue of failure to exhaust administrative remedies.

2. Plaintiff's motion for summary judgment (Dkt. # 29) is declared **moot**.

3. Plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust administrative remedies as to Defendants Glanz and Haralson.

4. This is a final order terminating this action.

**IT IS SO ORDERED** this 15th day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT